Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered August 19, 2014. The order denied plaintiffs’ motion for leave to amend their notice of claim, complaint and bill of particulars.
It is hereby ordered that the order so appealed from is reversed on the law without costs and the motion is granted.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Jane Doe, a special needs student in defendant, Rochester City School District (District), as the result of an alleged assault and rape at Dr. Freddie Thomas High School (Freddie Thomas). Doe reported the crimes to the Rochester Police Department on March 16, 2012, the date they allegedly occurred, and identified her assailant as an African-American student enrolled at East High School (East). She also reported that the attack occurred at lunchtime in the girls’ restroom adjacent to the cafeteria at Freddie Thomas. Using video surveillance footage from Freddie Thomas and East during its investigation, the District determined that the accused rapist could not have committed the acts alleged by Doe.
*1762 Doe thereafter reported to the police that her assailant was a white student with brown hair, green eyes, and a small scar on his neck. She identified the location of the attack as the girls’ locker room adjacent to the gym at Freddie Thomas and the time of the attack as the afternoon. The District, again using video surveillance recordings, investigated Doe’s allegations.
Plaintiffs timely filed a notice of claim that alleged, consistent with Doe’s second report of the incident, that Doe was forcibly assaulted and raped in a locker room at Freddie Thomas. Plaintiffs further alleged that Doe’s injuries were the result of the District’s negligence in failing to provide Doe with adequate supervision in accordance with her Individualized Education Program (IEP). At the time of the incident, the IEP required, inter alia, that the District provide Doe with transportation between her home and East, where she was enrolled as a student. In addition, the IEP required the District to provide Doe with an aide who would accompany her at all times throughout the school day. Plaintiffs allege that on the day of the attack, Doe walked to Benjamin Franklin High School (Franklin), which she did not attend, entered the school office, and asked to go to Freddie Thomas, which she also did not attend. A teacher allegedly drove her from Franklin to Freddie Thomas, where Doe remained for the entire school day without supervision.
Following the commencement of the action, Doe testified at her deposition that her assailant was an adult African-American male. Doe recalled that he wore a name tag and she believed that he was a janitor employed at Freddie Thomas. She testified that he raped her under the bleachers on the athletic field at Freddie Thomas after school hours. Plaintiffs thereafter moved for permission to amend their notice of claim, complaint, and bill of particulars to conform to Doe’s deposition testimony. We conclude that Supreme Court erred in denying the motion.
“Pursuant to [General Municipal Law] section 50-e (6), a court in its discretion may permit the correction of a notice of claim where there has been a ‘mistake, omission, irregularity or defect made in good faith . . . , provided it shall appear that the other party was not prejudiced thereby’ ” (Betette v County of Monroe, 82 AD3d 1708, 1710 [2011]). We conclude that Doe’s documented delays in cognitive and social functioning, together with her fear of the assailant and post traumatic stress disorder allegedly resulting from the attack, provide a good faith basis for the amendment sought by plaintiffs (see generally id.).
*1763 We further conclude that the District is not prejudiced by the proposed amendment. Contrary to the contention of the District, the amendment sought by plaintiffs does not make “substantive changes in the theory of liability” (Mahase v Manhattan & Bronx Surface Tr. Operating Auth., 3 AD3d 410, 411 [2004]). Plaintiffs’ theory of liability in the original notice of claim was that Doe suffered injury as the result of the District’s negligent failure to provide the level of supervision that it had previously determined was necessary for her, i.e., door-to-door transportation and an aide to accompany her at all times throughout the school day. Plaintiffs’ claim remains that defendant was negligent in failing to supervise Doe, regardless of the identity of her assailant or the precise location of the attack.
Further, we reject defendant’s claim of prejudice based upon its loss of video surveillance footage of the location of the assault and rape specified by Doe at her deposition. Defendant was on notice that Doe was at Freddie Thomas the entire day that the incident occurred, and it had “sufficient information to conduct a meaningful examination into the claim under the circumstances” (Kim L. v Port Jervis City School Dist., 40 AD3d 1042, 1044 [2007]). Any prejudice suffered by the District when its video surveillance recordings were overwritten was the consequence of its own failure to preserve evidence that it knew or should have known was potentially relevant.
Finally, we conclude that the court should have permitted plaintiffs to amend the complaint and bill of particulars. “A party may amend a pleading at any time by leave of court, and such leave shall be freely given (CPLR 3025 [b]), unless prejudice would result to the nonmoving party or the proposed amendment is plainly lacking in merit” (Bobrick v Bravstein, 116 AD2d 682, 682 [1986]). The proposed amendment was not lacking in merit, nor would it result in prejudice to the District (see Fusca v A & S Constr., LLC, 84 AD3d 1155, 1157-1158 [2011], lv dismissed 18 NY3d 837 [2011]).
All concur except Carni, J., who dissents and votes to affirm in accordance with the following memorandum.